### McFARLAND v. BENDER.

Patent Appeal No. 2568.

Court of Customs and Patent Appeals.

Feb. 11, 1931.

Bernard F. Garvey and Irving L. McCathran, both of Washington, D. C., for appellant.

James M. Spear, of Washington, D. C. (Ellis S. Middleton, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark interference proceeding from the decision of the Commissioner of Patents holding that neither of the involved parties was entitled to register the trade-mark "Red Caps" for use on certain medicinal preparations.

In his application filed June 5, 1925, appellant alleged that he had used the trademark on his goods continuously since July 1, 1921.

Appellee, in his application filed October 26, 1925, alleged that he had used the trademark on his goods continuously since October 7, 1925.

Appellant submitted no evidence, and is restricted, therefore, to his filing date.

Appellee submitted evidence for the purpose of establishing continuous use of the trade-mark since long prior to appellant's filing date, June 5, 1925.

The Examiner of Interferences held that the evidence was sufficient to establish that appellee had used the trade-mark in question continuously for many years prior to, and since, appellant's filing date, and that, as he was the first to adopt and use the mark, he was entitled to register the same.

In his decision rendered February 6, 1929, the Commissioner of Patents held that the evidence submitted by appellee was not sufficiently clear and convincing to show that he had adopted and used the trade-mark prior to October 7, 1925. He further held that, as the record disclosed that the trade-mark in issue was registered by one Flora Ely Schmauser on April 23, 1907, No. 62,211, for use on an alleged "cold cure," and, as it appeared from the assignment records in the Patent Office that the registrant's title to,

and interest in, the mark had been assigned to R. A. Gamble and William E. Armstrong on May 26, 1910, the title and the right to use the trade-mark were vested in the assignees of record when each of the parties adopted and first used the mark, and that therefore neither could claim priority. In this connection, he said:

"It appears, therefore, that when the parties to this interference adopted and appropriated the said mark, they were trespassers and neither could claim priority on the abandonment of the mark by the legal owners thereof, assuming the mark to have been abandoned by said owners. As was stated by the Court of Appeals, D. C., in Justin Seubert, Incorporated v. A. Santaella & Co., 166 O. G. 987, 36 App. D. C. 447, 1911 C. D. 341:

" 'If two or more persons are using the mark at the time of abandonment, with or without knowledge of its prior use, neither would be prior to the other in point of time, since no one could in any event date priority of use beyond the time when the prior owner surrendered title by the act of abandonment.' "

Thereafter, on February 26, 1929, counsel for appellant, McFarland, formally notified the Commissioner of Patents that a letter had been received from the registrant, Flora Ely Schmauser, stating that she had not used the registered mark since 1909; that the assignment of her title and right to use the mark was invalid; and that therefore registration No. 62,211 ought not to be considered as a bar to the registration of the mark by appellant. It was also stated, by counsel for appellant, that, if the showing made by counsel was deemed by the Commissioner of Patents to be insufficient, appellant should be given an opportunity to submit further evidence.

The letter from the registrant, Flora Ely Schmauser, referred to by counsel, reads as follows:

"2/18/29.
"Mr. B. F. Garvey, Washington, D. C.

"Dear Sir: Your letter of inquiry was forwarded to me in reply will say I have not used the word 'Red Caps' in years.

"Since 1909 and probably a year or two before that date.

"As for Dr. Gamble and Armstrong I cannot say.

"Hope this will be of some assistance to you.

"I am,
"Very truly,
"Mrs. Flora E. Schmauser,
"202 Market Ave. So., Canton, Ohio."

Thereupon, on March 2, 1929, the Commissioner of Patents set aside his former decision and granted the parties to the interference a period of forty days within which evidence of abandonment of said registered mark might be submitted.

On April 12, 1929, counsel for appellant filed an affidavit of the registrant, Flora E. Schmauser, and the cause was again submitted to the Commissioner. The pertinent part of the affidavit reads as follows:

"Flora E. Schmauser, of 202 Market Avenue, South, Canton, Ohio, being duly sworn, deposes and says that she is the registrant of trade-mark registration No. 62,211, on trade-mark 'Red-Caps' registered April 23rd, 1907; that use of this trade-mark was voluntarily abandoned by her in or about the year 1909 and has never been used by her since that date; that she is not aware that the mark has been used by others subsequent to her abandonment of the same; and that she has no interest whatsoever in the controversy now pending in the U. S. Patent Office, captioned Trade-Mark Interference No. 1112, Eugene J. Murphy Company v. Walter C. Bender v. Chas. A. McFarland; and that she is not acquainted with any of the parties thereto.

"Flora E. Schmauser."

Thereafter, on April 23, 1929, the Commissioner reconsidered the evidence in the case and held that the testimony submitted originally by appellee was sufficient to establish adoption and use of the involved trade-mark for medicinal preparations prior to appellant's filing date. He held, however, that the evidence was not sufficient to establish that the registrant, Flora Ely Schmauser, had abandoned the use of the trade-mark prior to the date of her assignment of her title and right to use the same to Gamble and Armstrong; that the registration of the mark and the assignment thereof by the registrant was prima facie evidence of ownership by the assignees, Gamble and Armstrong; and that, as it appeared that each of the parties to the interference had attempted to adopt, appropriate, and use the mark on goods of the same descriptive properties during its ownership by Gamble and Armstrong, neither of them was entitled to register it.

Counsel for each of the parties are here contending that the letter and affidavit of the registrant, Flora Ely Schmauser, are sufficient to establish that she had voluntarily abandoned the trade-mark prior to her assignment of the same to her assignees; that

the assignment by the registrant was invalid; and that therefore neither the registration nor the assignment thereof by the registrant is a legal bar to the registration of the mark. Accordingly, it is agreed by counsel for the involved parties that the question of priority is the only issue that this court need consider.

It is conceded by counsel for the parties that, if the evidence in the record is insufficient to establish that the registrant, Flora Ely Schmauser, voluntarily abandoned her registered trade-mark prior to her assignment of the same to her assignees, Gamble and Armstrong, neither of the parties is entitled to have the mark registered.

It appears from the record that the attention of counsel for the parties was directed to registration No. 62,211 several years before the Commissioner rendered his original decision; that, at the request of counsel for appellant, the Commissioner set aside his original decision and granted the parties a period of forty days in which to establish that the registrant had voluntarily abandoned the involved trade-mark prior to her assignment of the same; that the only evidence submitted by counsel consists of a letter from the registrant in which she said that she had not used the trade-mark "since 1909, and probably a year or two before that date. As for Dr. Gamble and Armstrong, I cannot say," and an affidavit signed by the registrant in which it was stated "that use of this trade-mark was voluntarily abandoned by her in or about the year 1909, and has never been used by her since that time; and that she is not aware that the mark has been used by others subsequent to her abandonment of the same."

We are of opinion that the statement contained in the registrant's letter and affidavit are not sufficient to establish that she abandoned the registered trade-mark prior to her assignment of the same. It is true that she said she had voluntarily abandoned it about the year 1909. However, it appears that, for a valuable consideration, she assigned her right and title to the same on May 26, 1910. This circumstance is not explained by the registrant, nor did she refer to it in either her letter or her affidavit of record, although counsel for the parties knew, or should have known, that her assignment was a vital factor in the case. If the registrant had ceased to use the mark and had abandoned it in 1909, but, nevertheless, had assigned it, or attempted to assign it, in May, 1910, those facts should have clearly appeared from the evidence. What counsel asks this court to infer, they should have proved.

The registration of a trade-mark is prima facie evidence of ownership, and abandonment ought not to be presumed.

We do not mean to be understood as holding that abandonment of a registered trade-mark may properly be raised in a proceeding of this character. Due to our views of the evidence, it is unnecessary to decide this question.

In view of the fact that the registrant's assignees, R. A. Gamble and William E. Armstrong, were presumptively, at least, the owners of the involved trade-mark when each of the parties attempted to adopt and use it, we are unable to hold that either is prior to the other in its adoption and use, since neither could establish adoption and the right to use it during its ownership by the registrant's assignees. Seubert v. Santaella & Co., 36 App. D. C. 447.

For the reasons stated, the decision is affirmed.

Affirmed.